## THE STATE, DANIEL ACKERLY, PROSECUTOR, v. THE MAYOR. AND ALDERMEN OF JERSEY CITY.

In reviewing, by *certiorari*, the dismissal of an engineer of a fire department, for negligence, under the act of 1885 (*Rev. Sup.*, *p.* 518), this. court will not weigh the evidence, but if a legitimate inference that the officer was negligent can be deduced from the testimony, the finding: of the board of fire commissioners will be affirmed.

On *certiorari*.

This writ of *certiorari* brings up a resolution of the board! of fire commissioners of Jersey City dismissing from service as. engineer the prosecutor, Daniel Ackerly.

Argued at November Term, 1891, before Justices DIXON, REED and GARRISON.

For the prosecutor, *Gilbert Collins.*

For the defendants, *William D. Edwards.*

The opinion of the court was delivered by

REED, J.   On May 8th, 1891, the prosecutor was engineer of Engine Company No. 8, of the Jersey City fire department. On that day a fire occurred.   The flues of the engine, while going to the fire, were burnt out by reason of the absence of water in the boiler.   The prosecutor was charged with negligence in caring for the engine, was tried by the board and dismissed from his position.

The insistence of the prosecutor is, that his discharge was. in contravention of the act of 1885 (*Rev. Sup.*, *p.* 517), in that it was made without a good cause shown.

The single ground of complaint is, that at the hearing there-was produced no evidence which showed a neglect of duty by Ackerly.

The testimony sent up shows that the following facts were: in evidence:

At the time of the alarm of fire on May 8th the prosecutor and John Dinnerson, the tender driver, were on duty. The stoker and other driver were at supper. Ackerly drove the engine, and Dinnerson the tender. On the way to the fire water was seen running from the boiler. Upon the return of the engine, there was no water in the boiler, and the tubes collapsed. The defence was, that the cock was properly closed before the engine left its house, but that the engine wheels struck a manhole soon after leaving the house, and that the violent concussion, caused by this collision, opened the cock, and the water escaped without the knowledge of Ackerly, who was upon the front of the engine.

There is testimony to the effect that no water was seen on the engine-house floor and that no water was seen to run until the engine struck the manhole. Ackerly says that he closed the connections before starting. He also says that the lever that shut off the plug was bent. The last fact, it is insisted, adds to the probability that it was the shock of the collision of the engine wheels with the manhole that opened the cock.

If we were passing upon the evidence, in the first instance, I should regard the probability of the truth of this theory of the cause of the mischief as quite strong, and it would go far toward relieving the prosecutor from the imputation of negligence.

But we do not weigh the evidence. If there can be perceived a reasonable theory which might have led the commissioners to a different conclusion we cannot reverse their finding. *Ayers* v. *Newark*, 20 *Vroom* 170.

Notwithstanding the evidence of Ackerly that he closed the connections, the commissioners may have concluded that if the cock had been properly closed, no jar to which an engine is liable to be subjected would have opened the valve.

This seems to be a legitimate inference, and if legitimate, we cannot reverse the conclusion of the board because it may not seem to us the most probable inference.

The writ is dismissed.